No. 1924.
Second Circuit Appeal.

___

ROBERT S. MANDEL v. D. P. EUBANK.

___

(Feb. 20, 1925, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Appeal—Par. 625.**
The judgment of the trial court on a question of fact being correct is affirmed.

Appeal from First Judicial District Court of Louisiana, Parish of Caddo, Hon. T. F. Bell, Judge.

This is a suit to collect a note. The defense was want of consideration.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Charles F. Crain, of Shreveport, attorney for plaintiff, appellee.

J. S. Peters, of Shreveport, attorney for defendant, appellant.

OPINION

CARVER, J. Some time in 1920 defendant executed a note for $1,000.00, made payable, apparently, to Jones Leasing and Development Co., Inc., which note he delivered to B. E. Jones, who transferred it to plaintiff. Thereafter defendant executed new notes from time to time to take up this original note or a balance due thereon, he having made various payments. This suit is on the last note so given.

The defense is want of consideration and a plea that he was induced to give the note by the fraudulent representations of plaintiff who, he alleges, gave him for the note a certificate of stock in Jones Leasing and Development Co., Inc., representing this as a duly incorporated company, although it was not such.

In his testimony defendant does not pretend that Mandel made any representa-

tions, whether true or false, and, as we understand his present contention, the only basis for this claim of false representations is the fact that plaintiff signed the stock certificate as an officer of the company; that its issuance was a representation of due incorporation, which representation, the argument is, was false by reason of the fact that the company was not duly incorporated because of two defects, namely: First, a sufficient amount of stock had not been subscribed for and, second, the requisite papers were not filed with the secretary of state.

As we appreciate the evidence, the original note was not given as the price of stock in an organized company but rather in payment of a subscription for stock in a company to be organized.

The defendant's motive in going into the transaction was not to obtain a stock certificate in a corporation perfect in form of law; it was rather to participate in a business venture known to be uncertain and hazardous, where the chance of losing what one put in was great but was deliberately taken in the hope of obtaining large gains should the venture prove successful.

We get this as a distinct conception of the transaction from the testimony of Eubank himself.

The proof fails to show any fraud whatever on the part either of plaintiff or Jones. Nor does Eubank indicate any fact forming the basis of his vague suspicion. The uncontradicted testimony of the plaintiff and B. E. Jones, associates in the enterprise, is that each of them lost over $20,000.00, and there is nothing in the record to show that they ever got anything out of it. The money was chiefly spent for obtaining oil leases in Red River, Bossier, DeSoto and Morehouse parishes; some, of course, going for expenses, including advertising. The transactions took place during the well-remembered oil boom, during which so many bubbles were blown up and pricked.

Defendant admits that he had from almost the first the same vague misgiving that he had at the time of giving his testimony, but he made payments from time to time on the original note and only made up his mind to try to avoid payment of the last one when he understood he might have some chance to do so by showing defects of form in the organization of the company.

We think the decision of the lower court correct and it is therefore affirmed.